# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROLLS-ROYCE NORTH AMERICAN TECHNOLOGIES INC, <br><br> Plaintiff, <br><br> v. <br><br> DYNETICS, INC., <br><br> Defendant. | Case No. 1:19-cv-04302-TWP-TAB |

## ENTRY DENYING DEFENDANT'S MOTION TO TRANSFER

This matter is before the Court on Defendant Dynetics, Inc.'s ("Dynetics") Motion to Transfer Venue under 28 U.S.C. § 1404(a). (Filing No. 14). Plaintiff Rolls-Royce North American Technologies, Inc. ("Rolls-Royce") initiated this action in state court, asserting a claim to enforce an arbitration provision of a contract and multiple claims for breach of that contract (Filing No. 1-2). Dynetics removed the case to federal court and promptly filed the instant Motion, requesting that this action be transferred to the United States District Court for the Northern District of Alabama. For the following reasons, Dynetics' Motion to Transfer Venue is **denied**.

### I. BACKGROUND

Rolls-Royce, a corporation that principally builds aircraft engines and other machinery is headquartered in Indianapolis, Indiana. (Filing No. 1-2 at 3.) In addition to providing goods to private sector consumers, Rolls-Royce provides its goods, services, and expertise to the United States Government pursuant to Government contracts and subcontracts, often with branches of the military. *Id.* at 4. LibertyWorks, also based in Indianapolis, is a wholly-owned Rolls-Royce subsidiary that performs a number of these Government contracts, particularly those focused on

developing advanced technology for propulsion and power often involving classified data and programs important to United States national security. *Id*.

LibertyWorks frequently partners with other businesses to provide comprehensive research and development services to the United States military. These partnerships are often formalized with "teaming agreements" under which LibertyWorks and its partner agree to work together to submit a proposal in response to a Government solicitation and perform any resulting contract. These teaming agreements generally require the parties to work exclusively with each other for the duration of the contract.

Defendant Dynetics is a corporation organized under the laws of the State of Alabama with its principal place of business in Huntsville, Alabama. In 2017, the United States Army released a Request for Proposals for development of a vehicle-based high-energy laser. On April 21, 2017, LibertyWorks entered into a teaming agreement (the "Teaming Agreement") with Dynetics, in which Dynetics would submit a proposal to the Army as the prime contractor, and LibertyWorks would serve as the exclusive subcontractor for the power and thermal energy portion of the project.

The Teaming Agreement includes an exclusivity provision that states

> Dynetics agrees that where Subcontractor can meet: (1) pricing targets established by [Dynetics]; (2) schedule requirements; and (3) technical capabilities, Subcontractor shall be Dynetics' exclusive source for the scope listed in Exhibit A Section 6 (Power and Thermal Management) and shall not pursue or use other proposals for this scope (Power and Thermal Management) of the Contract during the term of this Agreement subject [sic] the exceptions noted above.

([Filing No. 1-2 at 5](#).) The Teaming Agreement also provides that the parties will resolve any disputes by binding arbitration under the Federal Arbitration Act. The United States Army awarded Dynetics a contract in August 2017, and the two parties began working together to fulfill that contract.

In September 2019, a dispute arose between the parties, the intricacies of which are immaterial to this Motion. It suffices to say that Dynetics believes LibertyWorks has failed to meet the exclusivity requirements of the Teaming Agreement. In their Complaint, Rolls-Royce alleges that Dynetics manufactured a dispute as a pretext to avoid its own requirement of exclusivity under the Teaming Agreement and that Dynetics ignored the arbitration provision of that agreement. The Complaint, originally filed in the Marion Superior Court on October 20, 2019, brings claims for breach of contract and seeks declaratory judgment to enforce the arbitration provision.

LibertyWorks has initiated arbitration and on October 23, 2019, Rolls-Royce filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking immediate injunctive relief from this Court to preserve the status quo. ([Filing No. 1-2 at 2](#)). In particular, Rolls-Royce is asking the Court to enjoin Dynetics from (1) terminating the Teaming Agreement, (2) treating the exclusivity provision of the Teaming Agreement as of no effect, (3) negotiating with any other entities regarding the work to be exclusively performed by LibertyWorks under the Teaming Agreement, and (4) sharing any of LibertyWorks's confidential and/or proprietary trade secrets with any other entities. ([Filing No. 11](#).) The Court has scheduled a hearing on that Motion for December 4, 2019. Also on October 23, 2019, Dynetics filed this Motion to Transfer Venue to the United States District Court for the Northern District of Alabama. ([Filing No. 14](#).)

## II. LEGAL STANDARD

"Congress enacted the federal change of venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). A party may seek change of venue pursuant to 28 U.S.C. §

1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id*. at 977.

District courts have substantial deference when deciding Section 1404(a) motions to transfer venue. *Research Automation*, 626 F.3d at 976-77. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Id.* at 977 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal punctuation omitted). "The statute permits a flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id.* at 978 (citation and quotation marks omitted).

Concerning the principle of convenience prong, courts generally consider the availability of and access to witnesses as well as the parties' access to and distance from resources in each forum. Courts also generally consider the location of the material events and the relative ease of access to sources of proof. *Id.*

Concerning the principle of "interest of justice" prong, courts consider the efficient administration of the court system by looking at docket congestion, likely speed to trial in each court, each court's familiarity with the relevant law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.* "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

### III. DISCUSSION

Dynetics asserts that transferring this action to the Northern District of Alabama is appropriate because it maintains its place of business in Huntsville; the subcontracts between the

4

parties were administered in Madison County, Alabama; and the U.S. Government contracts under which the subcontracts were issued are administered by the U.S. Army Contracting Command at Redstone Arsenal located in Madison County, Alabama. (Filing No. 15 at 5-6.) Dynetics argues litigating this dispute will be more convenient in Alabama because the majority of witnesses reside there. *Id.* at 6. Dynetics also points out that the Teaming Agreement contains a choice of law provision that requires Alabama law will apply to the parties' dispute, and the Northern District of Alabama is likely more familiar with Alabama law than this Court. *Id.* at 9.

Rolls-Royce responds that its choice of venue in Indiana should be given substantial weight. (Filing No. 40 at 2-3.) It argues that Indiana will be just as convenient a venue as Alabama because any Rolls-Royce employees that might serve as witnesses in this litigation reside in or around Indianapolis. *Id.* at 3. Rolls-Royce contends the location of the U.S. Army Contracting Command is irrelevant because neither party has sought any discovery from the Army for the upcoming injunction hearing. *Id.* at 4. It argues that federal courts routinely apply the law of other venues, and this Court is equipped to apply Alabama law. *Id.* at 6. Rolls-Royce also argues resolution in this Court will be more efficient than resolution in Alabama, as this Court ranks 28th nationally in median file-to-disposition time for civil cases (8.1 months) while the Northern District of Alabama ranks 78th (11.3 months). *Id.* at 7-8.[1] Finally, Rolls-Royce asserts that granting transfer now, after the parties have fully briefed the preliminary injunction motion before this Court, would cause additional and unnecessary delay. *Id.* at 8.

The Court will first address the convenience prong, before discussing the "interest of justice" prong.

---

[1] For this statistic, Rolls-Royce cites data published by the Federal Judiciary, found here: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf

## A. Convenience

LibertyWorks' principal place of business is in Indianapolis, and thus any potential witnesses who are employees of LibertyWorks reside in the Southern District of Indiana. Dynetics' principal place of business is Huntsville, and thus any potential witnesses who are employed there reside in the Northern District of Alabama. Dynetics argues that LibertyWorks' employees traveled to Huntsville several times in the last few years to work on the contract the two parties jointly attempted to fulfill. ([Filing No. 15 at 3](Filing No. 15 at 3).) But Rolls-Royce likewise asserts that Dynetics' employees have periodically traveled to Indiana to work on the same contract "at least five times." ([Filing No. 40 at 5-6](Filing No. 40 at 5-6).)

Dynetics argues that some relevant witnesses may be employed by the U.S. Army Contracting Command, located in Madison County, Alabama. And although Rolls-Royce argues that none of these witnesses are relevant to the upcoming preliminary injunction hearing, Dynetics correctly points out that this litigation may not stop with a ruling on Rolls-Royce's Motion for Preliminary Injunction. It may well eventually require discovery involving the U.S. Army, which would make Northern Alabama a more convenient venue in future litigation in this action.

The Court is not persuaded by Dynetics' argument—it does not convey that discovery or witnesses from the U.S. Army will represent a large portion of the evidence in this case. It is undisputed that neither Party has sought any discovery from the Army in connection with the upcoming preliminary injunction hearing. So while Army documents and witnesses may be relevant to the arbitration proceeding, neither party has sought their production in this case.

The idea that the contract was "administered" in Alabama likewise is not persuasive. Although the Teaming Agreement requires application of Alabama law, which the Court will address below, there is no physical site that is especially relevant to this breach of contract action.

LibertyWorks' employees were just as bound by the Teaming Agreement in Indiana as Dynetics' employees were in Alabama.

None of these considerations tip the scales decisively in Dynetics' favor. The Court is left with the impression that venue in the Northern District of Alabama would be convenient *for Dynetics*, but not that it would be more convenient overall. Neither the availability of witnesses or the distance from the forum factors weigh in either party's favor. Dynetics would prefer venue in the Northern District of Alabama, where its workforce lives, but Rolls-Royce would prefer venue in the Southern District of Indiana for the same reasons. The Northern District of Alabama might offer a slightly easier access to sources of proof because the U.S. Army Contracting Command is in Madison County, Alabama. But that slight advantage is not enough to tip the scales. Thus, the convenience prong of the Court's inquiry does not weigh in favor of either party.

**B.** **The "Interest of Justice"**

The parties address two factors in the "interest of justice" prong. First, Dynetics argues that the Northern District of Alabama is a more suitable venue because of its familiarity with Alabama law, which will govern this dispute. Rolls-Royce does not dispute this point; however, it attempts to minimize the argument by explaining that federal courts routinely apply the law of faraway states. On this point the Court agrees with Dynetics—the Northern District of Alabama is likely more familiar with Alabama law than this Court.

On the issue of speed to trial, Rolls-Royce points out that this Court has a faster average file-to-disposition time than the District Court for the Northern District of Alabama. Dynetics does not dispute this point, and the Court has no reason to doubt it. The Court agrees with Rolls-Royce that transfer of the case has the potential to cause additional delay. Thus, the issue of speed to trial weighs in favor of denying Dynetics' motion. The parties do not address docket congestion,

the desirability of resolving this dispute in a specific locale, or the community relationship to the controversy.

As a result, we have one factor—familiarity with relevant law—weighing in favor of transfer, and another factor—speed to resolution—weighing against transfer. As the party seeking transfer, Dynetics "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220. (7th Cir. 1986). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). On balance, the Court is not convinced that transferring this case to the District Court for the Northern District of Alabama would make this litigation *clearly* more convenient to the parties or that transfer would promote the interests of justice. Accordingly, Dynetics' Motion to Transfer Venue is **denied**.

## IV. CONCLUSION

For the reasons discussed above, Dynetics' Motion to Transfer Venue under 28 U.S.C. § 1404(a), (Filing No. 14) is **DENIED**.

**SO ORDERED.**

Date: 11/19/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew J. Miroff
ICE MILLER LLP (Indianapolis)
drew.miroff@icemiller.com

Brett Ingerman
DLA PIPER LLP
brett.ingerman@us.dlapiper.com

Dawn Elyse Stern
DLA PIPER LLP
dawn.stern@dlapiper.com

Samuel B. Gardner
ICE MILLER LLP (Indianapolis)
samuel.gardner@icemiller.com

Aron J. Beezley
BRADLEY ARANT BOULT CUMMINGS LLP
abeezley@bradley.com

Sean Thomas Devenney
DREWRY SIMMONS VORNEHM, LLP (Carmel)
sdevenney@dsvlaw.com

Christopher Steven Drewry
DREWRY SIMMONS VORNEHM, LLP (Carmel)
cdrewry@dsvlaw.com

Sarah Sutton Osborne
BRADLEY ARANT BOULT CUMMINGS LLP
sosborne@bradley.com

Robert J. Symon
BRADLEY ARANT BOULT CUMMINGS LLP
rsymon@bradley.com